UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Lilia M. Moreno, and other similarly
situated individuals,

      Plaintiff(s),

v.

Cargo Traders LLC, Oscar Cristancho,
and Xiomara Zuniga,
individually

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Lilia M. Moreno and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants Cargo Traders LLC, Oscar Cristancho, and Xiomara Zuniga individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Lilia M. Moreno is a Dade County, Florida, resident within the jurisdiction of this Honorable Court and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Cargo Traders LLC (from now on Cargo Traders, or Defendant) is a Florida Limited Liability Company. Defendant has a place of business in Dade County, within this

Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in interstate commerce.

4. Defendant Cargo Traders is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. The individual Defendants, Oscar Cristancho and Xiomara Zuniga, were and are now the owners/partners and managers of Cargo Traders. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

6. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

7. This cause of action is brought by Plaintiff Lilia M. Moreno as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after December 2021, (the "material time") without being adequately compensated.

8. Defendant Cargo Traders is an international shipping and transportation logistics company. Defendant has facilities located at 12484 NW South River Drive # 323, Medley, Florida 33178, where Plaintiff worked.

9. Defendants Cargo Traders Oscar Cristancho and Xiomara Zuniga employed Plaintiff Lilia M. Moreno as a non-exempt, full-time employee from approximately May 2013 to

November 12, 2024, or more than eleven years.  However, for FLSA purposes, Plaintiff's relevant employment period is 151 weeks.

10. Plaintiff had duties as a bookkeeper and office clerk.

11. During the relevant period of employment at Cargo Traders, Plaintiff worked five days per week on a regular schedule. Plaintiff worked from Monday to Friday, from 9:00 AM to 7:00 PM (10 hours daily), or a minimum of 50 hours weekly. Plaintiff did not take bona fide lunch hours; she ate while working.

12. Plaintiff was paid an hourly rate of approximately $18.75, or $750.00 weekly, covering 40 working hours weekly. Plaintiff's overtime rate should be $28.12 an hour.

13. Plaintiff worked more than 40 hours every week, but she was not paid for overtime hours. Plaintiff worked a minimum of ten overtime hours that were not compensated at any rate, not even at the minimum wage rate, as required by law.

14. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Defendants could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

15. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

16. Plaintiff was paid by Zelle without paystubs providing basic information about the wage rate, the number of days and hours worked, employee taxes deducted, etc.

17. On or about November 12, 2024, Defendants fired Plaintiff.

18. At times mentioned, individual Defendants Oscar Cristancho and Xiomara Zuniga were and are now, the owners/partners/and operators of Cargo Traders. Defendants Oscar

Cristancho and Xiomara Zuniga were the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in Cargo Traders' interests concerning its employees, including Plaintiff and others similarly situated. Defendants Oscar Cristancho and Xiomara Zuniga had financial and operational control of the business, determining Plaintiff's terms and conditions of employment. Accordingly, Oscar Cristancho and Xiomara Zuniga are jointly and severally liable for Plaintiff's damages.

19. Plaintiff Lilia M. Moreno seeks to recover unpaid overtime for every overtime hour worked during her relevant employment period, plus liquidated damages and any other relief as allowable by law.

20. Plaintiff Lilia M. Moreno does not have time and payment records, but she will provide a good-faith estimate about her unpaid overtime,

Collective Action Allegations

21. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

22. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

23. This action is intended to include every bookkeeper, office clerk, and similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<b><u>COUNT I:<br>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;<br>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u></b>

24. Plaintiff Lilia M. Moreno re-adopts every factual allegation stated in paragraphs 1-23 above as if set out in full herein.

25. This action is brought by Plaintiff Lilia M. Moreno and those similarly situated to recover from the Employers unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

26. Defendant Cargo Traders was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is an international shipping company and is engaged in interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated regularly performed interstate financial transactions and used the channels of interstate commerce to perform their work. Therefore, there is FLSA individual coverage.

28. Defendants Cargo Traders Oscar Cristancho and Xiomara Zuniga employed Plaintiff Lilia M. Moreno as a non-exempt, full-time employee from approximately May 2013 to November 12, 2024, or more than eleven years.  However, for FLSA purposes, Plaintiff's relevant employment period is 151 weeks.

29. Plaintiff had duties as a bookkeeper and office clerk.

30. During the relevant period of employment at Cargo Traders, Plaintiff worked five days per week on a regular schedule. Plaintiff worked from Monday to Friday, from 9:00 AM to 7:00 PM (10 hours daily), or a minimum of 50 hours weekly. Plaintiff did not take bona fide lunch hours; she ate while working.

31. Plaintiff was paid an hourly rate of approximately $18.75, or $750.00 weekly, covering 40 working hours weekly. Plaintiff's overtime rate should be $28.12 an hour.

32. Plaintiff worked more than 40 hours every week, but she was not paid for overtime hours. Plaintiff worked a minimum of ten overtime hours that were not compensated at any rate, not even at the minimum wage rate, as required by law.

33. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule. Defendants could track the hours worked by Plaintiff and other similarly situated individuals and knew the number of hours that Plaintiff was working.

34. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

35. Plaintiff was paid by Zelle without paystubs providing basic information about the wage rate, the number of days and hours worked, employee taxes deducted, etc.

36. On or about November 12, 2024, Defendants fired Plaintiff.

37. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

38. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

39. Plaintiff does not have time and payment records, but she will provide a reasonably good-faith estimate based on her recollections and knowledge. After discovery, Plaintiff will amend her statement of claim.

    a.   Total amount of alleged unpaid O/T wages:

       Forty-Two Thousand Four Hundred Sixty-One Dollars and 20/100 ($42,461.20)

    b.   Calculation of such wages:

       Total period of employment:  More than 11 years
       Relevant weeks of employment: 151 weeks
       Total days worked: 5 days weekly
       Total hours worked: 50 hours weekly
       Total unpaid O/T hours: 10 O/T hours weekly
       Hourly rate: $18.75 x 1.5=$28.12
       O/T rate: $28.12 an hour

       O/T $28.12 x 10 O/T hours=$281.20 weekly x 151 weeks=$42,461.20

    c.   Nature of wages (e.g., overtime or straight time):

       This amount represents unpaid overtime wages[1].

40. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates her damages and reserves the right to amend the calculations.

to properly pay them at the rate of time and one-half for all hours worked over forty (40) per workweek as provided in said Act.

41. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above. Plaintiff and those similarly situated are entitled to recover double damages.

42. Defendants Cargo Traders, Oscar Cristancho, and Xiomara Zuniga willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half her regular rate, as required by the law of the United States, and remained owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Lilia M. Moreno and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Lilia M. Moreno and other similarly situated individuals and against Defendants Cargo Traders, Oscar Cristancho, and Xiomara Zuniga based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Lilia M. Moreno actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with

interest; and

C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff reasonable attorney's fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and available

under Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Lilia M. Moreno demands a trial by a jury of all issues triable as a right by a jury.

Dated: January 3, 2025

Respectfully submitted,

By: __/s/ **Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*