**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:25-cv-20501-RAR

LILIA M. MORENO, and other similarly
situated individuals,

      Plaintiff,

v.

CARGO TRADERS LLC, OSCAR
CRISTANCHO, and XIOMARA ZUNIGA,
individually,

      Defendants.

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendants, CARGO TRADERS LLC, OSCAR CRISTANCHO, and XIOMARA ZUNIGA, by and through their undersigned counsel, hereby files her Answer and Affirmative Defenses to Plaintiff's Complaint [**ECF #1**], as follows:

### Jurisdiction Venue and Parties

1.    Admitted that this Complaint alleges a claim pursuant to the FLSA. Denied that Plaintiff is entitled to any relief under the FLSA. Admitted that the Court has jurisdiction over this dispute.

2.    Defendants are without independent knowledge as to the truthfulness or accuracy of the allegation contained in this Paragraph concerning Plaintiff's residence but presume it to be true. Whether or not Plaintiff was a covered employee of the entity Defendant is a legal question, not a fact allegation requiring a response. All other allegations are denied.

3.    Admitted.

4. Admitted that Defendant, CARGO TRADERS LLC, employed Plaintiff. All other allegations are denied.

5. Admitted that the individual Defendants own CARGO TRADERS LLC. Whether or not the individual Defendants were Plaintiff's "employers" for FLSA purposes is a legal question, not a fact allegation requiring a response.

6. Admitted for venue purposes only.

### General Allegations

7. Denied.

8. Admitted.

9. Admitted that CARGO TRADERS LLC employed Plaintiff as a full-time employee through on or about November 13, 2024. All other allegations contain legal conclusions and not fact allegations requiring a response.

10. Admitted.

11. Denied.

12. Denied that Plaintiff was paid on an hourly basis. Admitted that Plaintiff was paid a salary of $750 per week regardless of the amount of hours worked. All other allegations contain legal conclusions and not fact allegations requiring a response.

13. Denied.

14. Denied.

15. Denied.

16. Admitted that Plaintiff was paid by Zelle. All other allegations are denied, particularly because Plaintiff controlled her pay.

2

17.     Admitted that Plaintiff worked for CARGO TRADERS LLC until or about November 13, 2024. Denied that CARGO TRADERS LLC fired or terminated Plaintiff.

18.     Admitted that the individual Defendants own CARGO TRADERS LLC. All other allegations contain boilerplate allegations and/or legal conclusions and not fact allegations requiring a response.

19.     Denied that Plaintiff is entitled to any relief sought.

20.     This Paragraph does not contain a fact allegation requiring a response.

21.     This Paragraph does not contain a fact allegation requiring a response.

22.     This Paragraph does not contain a fact allegation requiring a response.

23.     This Paragraph does not contain a fact allegation requiring a response.

## COUNT I
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

24.     Defendant incorporates and restates her responses to Paragraphs 1-23, above, as if fully stated herein.

25.     This Paragraph does not contain a fact allegation requiring a response.

26.     The first sentence of this Paragraph does not contain a fact allegation requiring a response. Admitted that CARGO TRADERS LLC is a shipping company. Admitted that CARGO TRADERS LLC engages is interstate commerce. Admitted that CARGO TRADERS LLC had two or more employees handling goods or materials that have previously been in interstate commerce. Admitted that CARGO TRADERS LLC had annual gross receipts of $500,000 or more in each of the relevant years of 2021, 2022, 2023, and 2024. Whether or not CARGO TRADERS LLC is covered by the "Enterprise Coverage" prong of the FLSA is a legal question and not a fact allegation requiring a response.

27.     This Paragraph contains a legal conclusion and not a fact allegation requiring a response.

28.     Admitted that CARGO TRADERS LLC employed Plaintiff as a full-time employee through on or about November 13, 2024. All other allegations contain legal conclusions and not fact allegations requiring a response.

29.     Admitted.

30.     Denied.

31.     Denied that Plaintiff was paid on an hourly basis. Admitted that Plaintiff was paid a salary of $750 per week regardless of the amount of hours worked. All other allegations contain legal conclusions and not fact allegations requiring a response.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Admitted that Plaintiff was paid by Zelle. All other allegations are denied, particularly because Plaintiff controlled her pay.

36.     Admitted that Plaintiff worked for CARGO TRADERS LLC until or about November 13, 2024. Denied that CARGO TRADERS LLC fired or terminated Plaintiff.

37.     Denied.

38.     This Paragraph contains a legal conclusion and not a fact allegation requiring a response. Further, Plaintiff has no standing to enforce the records-keeping requirements of the DOL.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Defendants are without knowledge as to the allegations contained in this Paragraph.

## GENERAL DENIAL

Defendants deny each and every allegation contained in the Complaint not specifically admitted-to.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims under the FLSA are limited to two years from the date the Complaint was filed (February 3, 2025) because the Defendants did not willfully violate the FLSA: Plaintiff was paid a salary that covered all hours worked, including in weeks in which she worked less than forty hours and did not inform any of the Defendants when (and if) she worked more than forty hours in any week, including when she (as the bookkeeper) issued payment requests for her own salary.

### Second Affirmative Defense

Plaintiff's claims under the FLSA are barred by the dosctirnes of estoppel and unclean hands. e.g., *Oulia v. Fla. DOT*, No. 18-25110-CV-SCOLA/TORRES, 2020 U.S. Dist. LEXIS 16065, at *6 (S.D. Fla. Jan. 30, 2020) ("Binding precedent in this Circuit establishes that the affirmative defense of estoppel is available in response to an FLSA claim where the employee affirmatively misleads the employer regarding the number of hours worked and the employer had no knowledge of the employee's actual hours.") Plaintiff was paid a salary that covered all hours worked, including in weeks in which she worked less than forty hours and did not inform

any of the Defendants when (and if) she worked more than forty hours in any week, including when she (as the bookkeeper) issued payment requests for her own salary.

### Third Affirmative Defense

Plaintiff is not entitled to any overtime to the extent such claim relies on time spent by Plaintiff (even at Defendant's facility) not for the benefit of any of the Defendants, but for other entities for which Plaintiff provided services, such as, for example, PERUVIAN LAW CASTELLANOS & PENAFIEL ABOGADOS, LLC.

### Fourth Affirmative Defense

Defendants are entitled to setoff for any wages paid to Plaintiff for time spent by Plaintiff on CARGO TRADERS LLC's "clock" while providing services to entities other than CARGO TRADERS LLC, such as, for example, PERUVIAN LAW CASTELLANOS & PENAFIEL ABOGADOS, LLC.

### Fifth Affirmative Defense

To the extent Plaintiff is deemed to be owed any unpaid overtime, which the Defendants deny, she is owed only half time and not time and a half for every hour over forty because she was paid on a salary basis of $750.00/week that intended to cover all hours worked, as few or as many.

### Sixth Affirmative Defense

Plaintiff's claims under the FLSA are barred to the extent that she did not actually work the hours she is alleging she is owed payment for or for weeks in which she did not work during the relevant statutory time period.

6

## Seventh Affirmative Defense

Plaintiff's damages under the FLSA are barred by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because the acts or omissions complained of, in any occurred, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## Eighth Affirmative Defense

Plaintiff's claims under the FLSA are barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, as to all hours during which she engaged in certain activities that were preliminary or postliminary to her principal activities.

## Ninth Affirmative Defense

Plaintiff's damages under the FLSA are barred or limited by the *de minimus* doctrine, 29 C.F.R. §785.47; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); *Lewis v. Keiser Sch., Inc.*, 2012 U.S. Dist. LEXIS 147150, 2012 WL 4854724, 6 (S.D. Fla. Oct. 12, 2012).

## Tenth Affirmative Defense

Plaintiff's claim under the FLSA is barred to the extent it extends to and relies upon time that is not compensable work time under the FLSA. e.g., bonafide rest or mealtime and/or other time not spent predominantly for the benefit of the employer.

## Eleventh Affirmative Defense

Plaintiff's claims under the FLSA are barred to the extent they rely on time Plaintiff failed to report to her employer as work time. e.g., *Allen v. Board of Public Education for Bibb County*, 495 F.3d 1306, 1319 (11th Cir. 2007) (stating that "[t]here is no violation of the FLSA where the employee performs compensated work but deliberately prevents his or her employer from learning of it."); *Carro v. Integrated Tech Grp., LLC*, No. 14-23788, 2015 U.S. Dist.

LEXIS 148776, at *19 (S.D. Fla. Nov. 3, 2015) ("Thus, to the extent Carro, or any of the other Plaintiffs, deliberately and voluntarily under-reported his time, ITG is entitled to summary judgment.") To the extent Plaintiff claims to have performed work for the Defendant away from Defendant's facility or during irregular work hours without informing the Defendants of it, her claims should be barred as to those times.

## Twelfth Affirmative Defense

To the extent Plaintiff's claims for unpaid wages relate to "pure gap time" (time below 40 hours in any workweek, but above minimum wage) or to wages that are not minimum wages or overtime wages, such claims are not recoverable under the FLSA (the only counts related to wages permitted by the Court) because the FLSA requires payment of minimum wages and overtime only and does not provide relief for unpaid wages that are not minimum wage or overtime wages. e.g., *Jernigan v. 1st Stop Recovery, Inc.*, No. 2:17-cv-265-FtM-99MRM, 2017 U.S. Dist. LEXIS 136499, at *4-5 (M.D. Fla. Aug. 25, 2017); *Jackson v. First Student Mgmt.*, No. 3:16-cv-557-J-20MCR, 2017 U.S. Dist. LEXIS 228082, at *12 (M.D. Fla. Apr. 19, 2017) ("This Court agrees with the Second Circuit's analysis that the FLSA's text simply does not consider or afford a recovery for gap-time hours.")

## Thirteenth Affirmative Defense

To the extent the entity Defendant is found not to be liable under the FLSA, the individual Defendants are also not liable for any violations of the FLSA because any claim against them would only be a derivative of the claim against the entity Defendant. e.g., *Casseus v. First Eagle, LLC*, 2008 U.S. Dist. LEXIS 32249 (S.D. Fla. April 16, 2008).

8

WHEREFORE, Defendants, having fully answered the Complaint and having raised legal defenses thereto, requests judgment in their favor in its entirety and that the Defendants be awarded costs, including reasonable attorneys' fees, as permitted.

## JURY DEMAND

Defendants hereby request trial by jury on all issues so triable.

Respectfully submitted on March 19, 2025.

ADI AMIT, P.A.
*Attorneys for Defendants*
101 Centre
101 NE Third Avenue, Suite 300
Fort Lauderdale, Florida 33301
Phone:      (954) 533-5922
Fax:          (954) 302-4963
E-mail: adi@defenderofbusiness.com

By: *s/Adi Amit*
      Adi Amit, Esquire
      Florida Bar No. 35257

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2025, I electronically filed the foregoing document with the clerk of the court using CM/ECF.  I also certify that the foregoing document is being served this day to all persons on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Adi Amit*
Adi Amit

9

## SERVICE LIST

***Lilia M. Moreno v. Cargo Traders LLC, et al.***
Case No.: 1: 25-cv-20501-RAR

Zandro E. Palma, Esquire
ZANDRO E. PALMA, P.A.
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
zep@thepalmalawgroup.com
*Counsel for Plaintiff*

Adi Amit, Esquire
ADI AMIT, P.A.
101 Centre
101 N.E. Third Avenue,
Suite 300
Ft. Lauderdale, Florida 33301
adi@defenderofbusiness.com
*Counsel for Defendants*